RECEIVED
IN MONROE, LA
NOV 3 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT WEAVER** | **CIVIL ACTION NO.: 01-2096** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CCA INDUSTRIES, INC.** | **MAG. JUDGE JAMES D. KIRK** |

# RULING

Pending before the Court is a Motion to Supplement the District Court Record ("Motion to Supplement") [Doc. No. 73] filed by Third Party Plaintiff CCA Industries, Inc. ("CCA"). Third Party Defendant New York Marine and General Insurance Company ("NYMAGIC") has filed a Notice of Objection to Filing of Motion to Supplement the District Court Record ("Objection") [Doc. No. 75].

For the following reasons, CCA's Motion to Supplement is DENIED.

## I. Brief Facts and Procedural History

This case originated when Plaintiff Robert Weaver ("Weaver") brought suit against CCA under the Louisiana Products Liability Act ("LPLA") for injuries he allegedly sustained from ingesting "Permathene," a product labeled, marketed, and sold by CCA.

Although Permathene is sold and marketed by CCA, it is manufactured by Phoenix Laboratories, Inc. ("Phoenix"). On March 11, 2002, June 20, 2002, and April 10, 2006, CCA made demands on Phoenix's insurer, NYMAGIC, for defense and indemnification of any damages it might have to pay to Weaver. NYMAGIC twice declined coverage.

On June 15, 2006, with leave of Court, CCA filed a third-party complaint against Phoenix and against NYMAGIC for defense and indemnification.

On April 11, 2007, NYMAGIC filed a Motion for Summary Judgment [Doc. No. 41], seeking a declaration that CCA is not covered under the policy issued to Phoenix since CCA was not a named insured under the policy. Alternatively, NYMAGIC argued that CCA was excluded from coverage under the vendor's endorsement to the policy because CCA provided the formula Phoenix used to manufacture Permathene, CCA labeled or re-labeled Permathene for sale to the public, and CCA extended an express warranty to the public without Phoenix's permission.

On April 24, 2007, CCA filed a memorandum in opposition [Doc. No. 46] to NYMAGIC's Motion for Summary Judgment.

On May 7, 2007, with leave of Court, NYMAGIC filed a reply memorandum [Doc. No. 50].

On May 22, 2007, the Court issued a Ruling and Judgment [Doc. Nos. 52 & 53] granting NYMAGIC's Motion for Summary Judgment and dismissing CCA's claims against it with prejudice.

On June 8, 2007, the Court granted CCA's Unopposed Motion for Entry of Judgment under Rule 54(b) [Doc. No. 55].

On June 15, 2007, CCA filed a Notice of Appeal [Doc. No. 61].

On September 14, 2007, CCA filed the instant Motion to Supplement. In that motion, CCA seeks to supplement the record by including its amended answers to a request for admission propounded by NYMAGIC. In its original responses, CCA admitted that it provided the formula for Permathene to Phoenix. This admission was part of the record when the Court considered NYMAGIC's Motion for Summary Judgment. However, CCA asserts, based on the affidavit of Drew Edell ("Edell"), Vice President of CCA, that its original response to admission was

incorrect. It amended its response on August 30, 2007, to state that "CCA provided direction to Phoenix for the size, color and shape of the product, as well as the inclusion of the ingredient Vitamin C. . . . Phoenix provided the formula for the portion of the product that contained the active ingredient, PPA." [Doc. No. 73, pp. 2].

On September 17, 2007, NYMAGIC filed its Objection to the supplementation of the record. NYMAGIC contends that (1) the Court lacks jurisdiction to amend the record while the case is on appeal, (2) CCA failed to satisfy the test under which it might be permitted to amend its discovery responses, and (3) the Court should not elect to amend the record under Federal Rules of Appellate Procedure 10(e).

On October 2, 2007, with leave of Court, CCA filed a Reply [Doc. No. 81], and NYMAGIC filed a Sur-Reply [Doc. No. 82]. In its Reply, CCA responds that it had not anticipated that NYMAGIC would attempt to exclude vendors which provided a formula under its policy. When the Court issued its Ruling finding that "ingredient" could include "formula," CCA was "prompted . . . to conduct another, renewed inquiry into the Permath[e]ne 12C business agreements with Phoenix." [Doc. No. 77, p. 3]. CCA determined that Phoenix manufactured a similar product for many vendors under the same basic formula which "belonged to Phoenix." [Doc. No. 77, p. 3]. CCA contends that it had a duty to supplement its response to the requests for admission under Federal Rule of Civil Procedure 26(e)(2). CCA further contends that under Federal Rule of Appellate Procedure 10(e)(2), the Court can supplement the district court record to allow it to conform to the truth.

In its Sur-Reply, NYMAGIC emphasizes that CCA failed to obtain leave of Court to withdraw its admission. NYMAGIC argues that CCA should not be allowed to withdraw its

3

admission and supplement the record because it failed to exercise diligence in rendering its original response. Further, it would be improper under Rule 10(e) to allow amendment of the record while the case is on appeal because the response, as amended, was not considered by the Court in its ruling on the Motion for Summary Judgment.

## II.  Law and Analysis

Rule 10(e) of the Rules of Appellate Procedure provides as follows:

(1)  If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2)  If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

   (A)  on stipulation of the parties;

   (B)  by the district court before or after the record has been forwarded; or

   (C)  by the court of appeals.

(3)  All other questions as to the form and content of the record must be presented to the court of appeals.

As the Fifth Circuit Court of Appeals has explained, "Rule 10(e) exists to allow the district court to conform the record to what happened, not what did not." United States v. Page, 661 F.2d 1080, 1082 (5th Cir.1980) (citations and internal quotation marks omitted).

If the Court were to grant CCA's Motion to Supplement, the record before the appellate court would not conform to the evidence presented with the Motion for Summary Judgment, but would alter a material fact which was previously undisputed. Indeed, the fact contained in CCA's admission was of great significance to the Court's finding that CCA was not an insured

4

under NYMAGIC's vendor's endorsement. Therefore, if the Court now allowed CCA to "supplement" the record by changing a material fact, the appellate court would not be faced with the same record this Court had in deciding the Motion for Summary Judgment.

In addition, if the Court were to grant CCA's Motion to Supplement, it would also affect the Court's ruling on the policy exclusion from coverage for a vendor which provides an "ingredient" to the insured manufacturer. The Court concluded that the term "ingredient" could include formula–a formula which CCA now denies providing to NYMAGIC.

Under these circumstances, the Court finds that it lacks the authority or discretion to allow CCA to amend the record to change its response to NYMAGIC's request for admission. CCA may seek relief from the United States Court of Appeals for the Fifth Circuit. If the appellate court determines that remand is appropriate, the Court will consider an appropriate motion at that time.[1]

### III. Conclusion

For the foregoing reasons, CCA's Motion to Supplement is DENIED.

MONROE, LOUISIANA, this 30 day of November, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] If the case were remanded, it appears to the Court that CCA would not only need leave to withdraw its prior admission, but would need to file a motion for relief from judgment.